IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| | § | |
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Crim. No. 4:21-cr-204-SDJ-KPJ-14 |
| | § | |
| MANUEL HERNANDEZ (14) | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Manuel Hernandez's ("Defendant") Motion for Bill of Particulars (the "Motion") (Dkt. 472), wherein Defendant requests a bill of particulars as to Count One of the Sixth Superseding Indictment (the "Indictment") (Dkt. 411). *See* Dkt. 472 at 1. The Government filed a response in opposition (the "Response") (Dkt. 504). Upon consideration, the Motion (Dkt. 472) is hereby **DENIED**.

### I.     BACKGROUND

Count One of the Indictment (Dkt. 411) charges Defendant with violating 21 U.S.C. § 846 (Conspiracy to Distribute and Possess with the Intent to Distribute Cocaine). *See* Dkt. 411 at 2–3. Count One states as follows:

> From sometime in or about January 2020, the exact date being unknown to the United States Grand Jury, and continuing up to and including the date of the filing of [the] Indictment, in the Eastern District of Texas and elsewhere, [Defendant and other co-defendants] did knowingly and intentionally combine, conspire, and agree with each other and persons known and unknown to the United States Grand Jury, to distribute and possess with the intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of 21 U.S.C. §§ 841(a)(1) and 846.

*Id.* In the Motion (Dkt. 472), Defendant requests the Court grant a bill of particulars containing information "about the purported drug conspiracy alleged to have taken place from January 2020 to December 21, 2023." Dkt. 472 at 2. Specifically, Defendant requests the following information:

1

1.  Disclosure of the names of any and all alleged co-conspirators.

2.  Disclosure of any overt acts, as well their time and place, purportedly undertaken by [Defendant] as part of this conspiracy.

3.  Disclosure of any offense conduct not detailed in Counts Three through Six of the Indictment.

*Id.* at 4. Defendant argues that such information is necessary "so that there will be no confusion as to illegal activity in which he is alleged to have engaged." *Id.* at 6. According to Defendant, without the "particulars sought, it will be difficult to mount a defense against [the] charges." *Id.* The Government opposes the Motion (Dkt. 472), arguing that the Indictment (Dkt 411) affords Defendant adequate notice of the charges against him, and the Government's discovery provides the information that Defendant seeks. *See* Dkt. 504 at 4–5.

## II.   LEGAL STANDARD

Federal Rule of Criminal Procedure 7(f) permits a defendant to request a bill of particulars, which provides details of the charges brought against the defendant so the defendant may prepare his defense and avoid surprises at trial. *See* FED. R. CRIM. P. 7(f); *United States v. Churchill*, No. 20-cr-252, 2021 WL 862306, at *1 (E.D. Tex. Mar. 8, 2021). "A defendant possesses no right to a bill of particulars[.]" *United States v. Rodriguez*, No. 18-cr-216, 2020 WL 4689193, at *4 (E.D. Tex. July 27, 2020) (alteration in original) (quoting *United States v. Burgin*, 621 F.2d 1352, 1358 (5th Cir. 1980)), *R. & R. adopted*, 2020 WL 4674141 (E.D. Tex. Aug. 12, 2020). The trial court has discretion to grant a bill of particulars. *Churchill*, 2021 WL 862306, at *1 (citing *Burgin*, 621 F.2d at 1358–59). "A court abuses its discretion in denying a motion for a bill of particulars only when the denial results in actual surprise at trial and prejudice to a defendant's substantial rights." *Id.* (citing *United States v. Hughes*, 817 F.2d 268, 272 (5th Cir. 1987)). A court should only grant a bill of particulars if "the information is necessary for the defendant to prepare for

2

trial." *Rodriguez*, 2020 WL 4689193, at *4 (quoting *United States v. Little*, No. 11-189-01, 2012 WL 566805, at *1 (W.D. La. Feb. 19, 2012)).

### III.   ANALYSIS

**A.   Names of Any and All Alleged Co-Conspirators**

While "a bill of particulars is a proper procedure for discovering names of co[-]conspirators the Government plans to call as witnesses at trial," a bill of particulars "will not be granted when it is being used only to obtain a list of the [G]overnment's witnesses." *Id.* at *6 (first quoting *United States v. Addison*, No. 14-168, 2015 WL 1245556, at *5 (E.D. La. Mar. 18, 2015); then quoting *United States v. Holy Land Found. for Relief & Dev.*, No. 04-cr-240, 2007 WL 328833, at *3 (N.D. Tex. Feb. 1, 2007)). "Rather, the trial court should grant the motion for a bill of particulars 'when the information is necessary' for the defendants to prepare for trial." *Id.* (quoting *Holy Land*, 2007 WL 328833, at *3). "[D]efendant[ is] obliged to show that [he] will be prejudiced if [he does] not receive the information sought[.]" *Id.* (alterations in original) (quoting *Holy Land Found. For Relief & Dev.*, 2007 WL 328833, at *3). Defendant has neither articulated any reason as to why the names are necessary, nor has he stated how he will be prejudiced if he does not receive the names at this time. Further, pursuant to the Amended Pre-Trial Order (Dkt. 495), the Government is required to provide a list of witnesses it intends to call at trial by June 24, 2024. *See* Dkt. 495 at 3–4. The provision of a witness list before trial obviates the need for a bill of particulars regarding the identity of testifying co-conspirators. *See Rodriguez*, 2020 WL 4689193, at *6 (first citing *Hughes*, 817 F.2d at 272; then citing *United States v. Hagen*, No. 19-cr-146, 2020 WL 1929848, at *13 (N.D. Tex. Apr. 21, 2020)). Therefore, the Court denies Defendant's request for the names of all co-conspirators.

**B.**      **Overt Acts by Defendant and Information Regarding Any Other Offense Conduct**

A bill of particulars cannot be used in lieu of discovery or to obtain a detailed disclosure

of the government's evidence prior to trial. *United States v. Castro-Flores*, No. 12-cr-614, 2013

WL 6858523, at *2 (S.D. Tex. Dec. 30, 2013). Further "[a] bill of particulars is not required if a

defendant is otherwise provided, *inter alia*, with sufficient information to enable him to prepare

his defense and avoid surprise." *United States v. Moody*, 923 F.2d 341, 351 (5th Cir. 1991). Hence,

"where the government has provided the necessary information in another satisfactory form, such

as through discovery, a bill of particulars is unnecessary." *Castro-Flores*, 2013 WL 6858523, at

*2 (citing *United States v. Kirkham*, 129 F. App'x 61, 72 (5th Cir. 2005)). Furthermore, "[i]t is

well established that in 'an indictment for conspiring to commit an offense—in which the

conspiracy is the gist of the crime—it is not necessary to allege with technical precision all

elements essential to the commission of the offense which is the object of the conspiracy.'" *United*

*States v. Lawrence*, 727 F.3d 386, 397 (5th Cir. 2013) (quoting *United States v. Graves*, 669 F.2d

964, 968 (5th Cir. 1982)) "Because 'the criteria for the sufficiency of an indictment and for whether

a district court erred (abused its discretion) in denying a bill of particulars are very similar,' a bill

of particulars (or information otherwise provided to the defendant) likewise requires less 'technical

precision.'" *Addison*, 2015 WL 1245556, at *4 (internal citation omitted) (quoting *Moody*, 923

F.2d at 351).

Here, the Indictment (Dkt. 411) contains sufficient information to put Defendant on notice

of the criminal charges brought against him and to avoid surprise at trial. Defendant is charged

under 21 U.S.C. § 846. Dkt. 411 at 2. The Indictment (Dkt. 411) discloses the purpose of the

alleged conspiracy, its timing, and the drugs purportedly involved. *See id.* The Indictment also

alleges that Defendant joined the agreement knowingly and intentionally. *Id.* A conspiracy charge

under § 846 does not require proof that Defendant participated in an overt act. *See United States v. Shabani*, 513 U.S. 10, 17 (1994) ("[A]n overt act is not required to establish a violation of 21 U.S.C. § 846.").

Moreover, the Government's discovery provides Defendant with further information regarding his alleged involvement in the conspiracy. The Government represents that its discovery "outlines acts conducted by [Defendant] in furtherance of the conspiracy and provides approximate dates for those acts." Dkt. 504 at 5. Further, the Government represents that the discovery details the roles of the co-conspirators, "so there should be no question as to [Defendant's] involvement in the conspiracy and his connection with other co-conspirators." *Id.* Defendant has not disputed the utility of the discovery disclosures. Thus, the Court finds that Defendant has received the necessary information in the form of the Indictment (Dkt. 411), which apprises him of the criminal charges against him, as well as the Government's discovery, which provides further details regarding Defendant's involvement in the conspiracy and relation to co-conspirators in this case. *See supra* Section III.B. Therefore, the Court denies Defendant's second and third requests. The Court finds that a bill of particulars is not necessary in this case.

## IV. CONCLUSION

For the reasons stated herein, the Motion (Dkt. 472) is **DENIED.**

**So ORDERED and SIGNED this 8th day of May, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE